The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker* (1995), 101 Ohio App.3d 433.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67250.

Decided Feb. 27, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Laurence R. Snyder,* Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

JAMES D. SWEENEY, Judge.

Defendant-appellant Christopher Walker appeals the denial of his motion for postconviction relief or a new trial. A jury convicted the appellant of three counts of rape, in violation of R.C. 2907.02, and this court affirmed the conviction in *State v. Walker* (May 6, 1993), Cuyahoga App. No. 62293, unreported, 1993 WL 146601. The Supreme Court denied the appellant's motion for leave to appeal.

The appellant's motion was filed on September 16, 1993, and the affidavit of his victim, Terri Lee Perry, was attached. Perry's affidavit stated that although she had accused the appellant of rape, she was a willing participant in their sexual relationship, and that all sexual conduct was consensual. Perry affirmed that she had accused Walker of rape because she would otherwise have been thrown out of her home. The court held a hearing on the motion on April 15, 1994, and denied the motion on April 22, 1994.

In the first and third assignments of error, the appellant contends that the trial court should have granted him postconviction relief and a new trial based upon the recanted testimony of Perry. The appellant also points out that the judge who presided over the trial was not the same judge who ruled on the motion for postconviction relief or new trial.

In *State v. Nelson* (April 18, 1985), Cuyahoga App. No. 48943, unreported, 1985 WL 7986, this court cited *State v. Curnutt* (1948), 84 Ohio App. 101, 39 O.O. 120, 84 N.E.2d 230. In *Curnutt*, the court held that where a defendant seeks a new trial based upon the recanted testimony of a witness, the court is called upon to determine the credibility of that witness. Recantation by a significant witness does not, as a matter of law, entitle the defendant to a new trial. This determination is left to the sound discretion of the trial court. *State v. Lane* (1976), 49 Ohio St.2d 77, 3 O.O.3d 45, 358 N.E.2d 1081. See, also, *State v. Pirman* (1994) 94 Ohio App.3d 203, 640 N.E.2d 575.

At the hearing, Perry was closely questioned as to what portions of her original testimony she recanted. She testified that the sexual encounters to which she originally testified had indeed occurred, under the same conditions and circumstances. Perry's recantation concerned only the issue of consent. The record reveals that the appellant testified at trial that these encounters never occurred at all. Given this fundamental inconsistency, the appellant has shown no abuse of discretion in the denial of the motion for postconviction relief or new trial.

Further, we note that although the judge who presided at trial was not the judge who ruled on the motion, this issue was not raised below, and is therefore waived. *State v. Pecina* (1992), 76 Ohio App.3d 775, 603 N.E.2d 363.

In the second assignment of error, the appellant asserts that the court erred in allowing the state to question assistant prosecutor Zimmerman regarding a conversation with Perry subsequent to the filing of her recanting affidavit. The appellant contends that the state failed to lay the proper foundation for Zimmerman's testimony as required for the admission of a prior inconsistent statement under Evid.R. 613(B).

At the hearing, Perry was asked whether she recalled Zimmerman's being the prosecutor at trial. She could not remember. When asked whether she had spoken to anyone from the Cuyahoga County Prosecutor's Office since the day she signed her affidavit she responded, "No." When directly asked if she had spoken to Zimmerman, she again responded, "No."

Zimmerman testified, over objection, that he had contacted Perry by telephone subsequent to receiving her recanting affidavit. Zimmerman testified that Perry

initially stated the affidavit was true, but that she ultimately broke into tears and told him it was not true.

Given that Perry completely denied speaking to Zimmerman or any other prosecutor subsequent to signing the recanting affidavit, she was afforded a sufficient opportunity to explain or deny the prior inconsistent statement. The trial court did not err in admitting the prosecutor's testimony.

The appellant's assignments of errors are overruled.

*Judgment affirmed.*

PATTON, C.J., and PORTER, J., concur.