OPINION
{¶ 1} Appellant, Roy J. Griffith, Jr., appeals from a judgment of the Trumbull County Court of Common Pleas, which denied appellant's pro se motion for leave for delayed application pursuant to Crim. R 33(B).
 {¶ 2} In February 2001, appellant was indicted on twenty counts of rape, in violation of R.C. 2907.02(A)(1)(b) and R.C.2907.02(B), which enhances the sentence upon any conviction to a life prison term. Appellee, the State of Ohio, amended counts eleven through twenty to attempted rape, a second degree felony, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02. The matter proceeded to jury trial in October 2001. Appellant was convicted on all twenty counts. On October 23, 2001, the trial court sentenced appellant to a mandatory life sentence each on counts one through ten, to be served concurrently, and eight years each on counts eleven through twenty, to run concurrent to each other, but consecutive to the life sentence. Appellant appealed his conviction to this court in November 2001. SeeState v. Griffith, 11th Dist No. 2001-T-0136, 2003-Ohio-6980. In that appeal appellant challenged his conviction, but not the sentence imposed. On December 22, 2003 this court filed its opinion, affirming appellant's conviction. On May 12, 2004, the Ohio Supreme Court denied appellant's motion to file a delayed appeal.
 {¶ 3} On February 25, 2005, appellant filed a motion in the trial court that was captioned "Motion for Leave for Delayed Application under [Crim.R.] 33(B)."
 {¶ 4} The trial court denied appellant's motion, without explanation, on March 7, 2005. It is from that judgment that appellant filed a timely appeal asserting the following sole assignment of error for our review:
 {¶ 5} "The imposition of consecutive and non-minimal sentences for a first time offender."
 {¶ 6} At the outset we note that appellee argues that the motion for leave is barred by res judicata, and is an improper collateral attempt for post conviction relief. For the reasons that follow, it is not necessary for this court to address those arguments.
 {¶ 7} Crim.R. 33(A), regarding new trials, provides, in pertinent part:
 {¶ 8} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 9} "* * *
 {¶ 10} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
 {¶ 11} "(B) Motion for new trial; form, time.
 {¶ 12} * * *
 {¶ 13} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 14} Thus, although Crim.R. 33(B) allows a party to move for new trial on the basis of newly discovered evidence after the one hundred twenty day period has expired, a defendant may only do so after proving by clear and convincing evidence that he was unavoidably prevented from discovering such evidence. In such a case, the defendant must first seek an order from the court finding that he was unavoidably prevented from discovering the evidence, and then the defendant must file his motion for new trial with seven days of such order.
 {¶ 15} Crim.R. 33 does not place any time restrictions on when a motion for new trial may be filed after avoidable prevention is determined. State v. Stansberry, 8th Dist. No. 71004, 1997 Ohio App. LEXIS 4561, at 7. However, case law has adopted a reasonableness standard. "A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence." State v.Newell, 8th Dist. No. 84525, 2004-Ohio-6917, at ¶ 16.
 {¶ 16} In Stansberry, the Eighth District stated: "A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay." Id. at 9. See, also, State v. Kimbrough, 8th Dist. No 84863,2005-Ohio-1320, at ¶ 17; State v. Valentine, 11th Dist. No. 2002-P-0052, 2003-Ohio-2838, at ¶ 9; State v. York, 2d Dist. No. 2000 CA 70, 2001-Ohio-1528, at 9.
 {¶ 17} The trial court's decision is subject to review under an abuse of discretion standard. Id. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In the case sub judice, appellant filed his Crim. R. 33 motion on February 25, 2005, over three years after the verdict was rendered. Appellant argues that he was unavoidably prevented from filing the motion because of newly discovered evidence pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In Comer, the Supreme Court held that a trial court must articulate both "findings" for imposing nonminimum and consecutive sentences and "reasons" for those findings. Id., at ¶ 20. Comer was decided on August 27, 2003, while appellant's appeal of his conviction was pending with this court. The judgment entry of this court affirming appellant's conviction was filed on December 22, 2003. Appellant did not file his motion for leave for delayed application with the trial court until February 25, 2005. Appellant fails to offer any explanation regarding his delay.
 {¶ 19} Although the court did not explain its reasons, it is clear that appellant did not file his motion for leave in a reasonable amount of time. Based upon the forgoing, appellant's sole assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., Grendell, J., concur.