OPINION
{¶ 1} Defendant-appellant, Tyrone Berry ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's December 19, 2005 motion for leave to file a motion for new trial, and also denied appellant's January 19, 2006 motion to amend his previously filed motion for leave. For the following reasons, we affirm. *Page 2 
 {¶ 2} In August 1996, the Franklin County Grand Jury returned an indictment charging appellant with aggravated murder, aggravated robbery, aggravated burglary, kidnapping, and having a weapon while under disability ("WUD"), all arising out of the December 1995 murder of Michael Evans. The indictment included death penalty and firearm specifications. Appellant waived his right to a jury trial on the WUD charge, and exercised his right to a jury trial on the remaining charges. The court found appellant guilty of WUD. The jury was unable to reach a verdict with respect to the other charges. On June 30, 1997, the court sentenced appellant to three years of incarceration on the WUD charge and another three years on the accompanying firearm specification, and ordered that the two sentences be served consecutively.
 {¶ 3} Appellant elected to have the other charges retried to a three-judge panel rather than to another jury. On December 10, 1997, the three-judge panel found appellant guilty of the remaining charges and accompanying specifications. Following a mitigation hearing, the panel merged the appropriate counts and sentenced appellant to consecutive prison terms.
 {¶ 4} On appeal to this court, we affirmed appellant's convictions, finding that the state had produced "overwhelming evidence" of appellant's guilt, but remanded the case to the trial court for resentencing because we determined that the court had improperly imposed separate terms of actual incarceration for the firearm specifications.State v. Berry (June 29, 1999), 10th Dist. No. 97AP-964.
 {¶ 5} On December 19, 2005, appellant filed a motion for leave to file a motion for new trial pursuant to Crim. R. 33(B). He also denominated this document as a motion for *Page 3 
leave to file a petition for post-conviction relief pursuant to R.C. 2953.21 and 2953.23.[1] Also on December 19, 2005, but under separate cover, appellant filed the documentation supporting his motion for leave to file a motion for new trial. On January 19, 2006, he filed a document entitled "Motion to Amend New Trial Request Pursuant to Civil Rule 15." Therein, he argued that he should be given leave to amend his earlier motion pursuant to Civ. R. 15. The balance of this second motion was devoted to expounding on his earlier argument in support of the merits of his new trial motion, in the event he was granted leave to file it. He also attached his own affidavit, along with copies of correspondence from the office of the Ohio Public Defender ("PD"), the affidavit of Michael Saunders ("Saunders"), and a copy of a Columbus police detective's notes from her interview with Stephen Wolmack ("Wolmack").
 {¶ 6} Appellant set forth several grounds upon which his motion for new trial would be based. First, he alleged that Lester Johnson ("Johnson"), a co-participant in the crimes for which appellant was convicted, would now testify that appellant was not involved in the murder of Michael Evans. In support of this ground, appellant submitted an affidavit dated October 29, 2005, in which Johnson avers that, "Tyrone Berry, was not with me on December 25th, 1995, and did not commit the crime of aggravated murder in which he was convicted of on or about December 1997. * * * I was given a plea bargain in the case and was told by my attorney not to testify on behalf of Mr. Tyrone Berry." *Page 4 
 {¶ 7} Also in support of this ground, appellant attached to his January 19, 2006 motion for leave to amend his motion for leave to file a motion for new trial, copies of two letters from the office of the PD. The first, dated August 22, 2000, indicates that appellant had sent the PD's office a copy of a letter from Johnson and that office would seek permission from Johnson's attorney to speak with Johnson, and would then assess whether there would be any merit to a federal habeas corpus petition. The next letter, dated April 12, 2002, indicates that an individual contacted an attorney with the PD's office and told him that Johnson was willing to testify that appellant had nothing to do with the offenses of which he was convicted.
 {¶ 8} On January 19, 2006, appellant also submitted his own affidavit, in which he avers that, after trying to obtain Johnson's statement for many years, in August 2000, he finally received a letter from Johnson expressing a willingness to speak with appellant's attorney. Appellant forwarded the letter to the PD but no one from that office ever spoke with Johnson or his attorney. Finally, appellant states, in November 2005, Johnson agreed to sign an affidavit averring that appellant was not involved in the offenses for which he was convicted.
 {¶ 9} Second, appellant alleged that prosecution witness Wolmack, who had testified that appellant confessed while in jail awaiting trial, had lied about appellant's confession. For support of this ground, appellant submitted on December 19, 2005, what purported to be a letter from Wolmack to appellant, postmarked in February 2004, and stamped received at appellant's Mansfield, Ohio correctional institution on February 24, 2004. Therein, Wolmack, whose name is incorrectly spelled "Womack" in the body of the *Page 5 
letter and "Steven Womack" on the return address, writes the following, reprinted herein as it appears in the letter:
 T BONE I AM WRITTING YOU BECAUSE I FILL COMPLIED TO RIGHT WHAT I FILL IS WRONG I WANT YOU TO CONTACT YOUR ATTORNEY and these other guys the same thing happened to them * * * TALK TO YOUR PEOPLE AND GET EVERYONE TOGETHER WITH ALL OF YOUR ATTONETS ANA THE PRESS ALOS TELL YOUR PEOPLE TO CONTACT THE NEWS ALSO! IF I CAN HELP YOU GUYS OUT ON APPEL THEN LETS GET THIS STARTED ! ALSO TELL THE REST OF THE GUYS TO HAVE THERE PEOPLE CON TACT ME ALSO YOURS TO . GOD BE WITH YOU ALL WOMACK #447264
 {¶ 10} Appellant also submitted the December 19, 2005 affidavit of Saunders, an inmate serving time for crimes unrelated to appellant's convictions. Saunders averred the following, reprinted herein as it appears in the affidavit:
 1) I hereby state that while talking to Mr. Berry about his complex case the name of a Mr. Stephen Wolmack came up. I then let Mr. Berry know that at one time I was looking for Mr. Wolmack because he had made a statement in my case. And the statement he had made had implicated someone other than myself and I know that he was implying that he had facts about what happen in my case only to help himself. The name that Mr. Wolmack gave me was not my name. Mr. Wolmack called the Prosecution in hopes of getting a plea bargain and was willing to be a witness for the State.
 2) I took a plea bargain in my case and Mr. Wolmack was never needed, but from his statement he was willing to lie to put an Innocent man in prison in hopes for a bargain in his case.
 3) I am willing to testify on behalf of Mr. Berry and the facts of Mr. Wolmack's willingness to testify in other cases that he had no knowledge of in order to get himself a plea bargain.
 4) I also have a copy of the Statement made by Mr. Wolmack implicating someone other than myself. The men that Mr. *Page 6 
Wolmack implicated's name is Mr. Bryon Taylor who was never convicted or played no part in my case.
 5) My statement is to only let it be known that Mr. Wolmack has not only been a witness in Mr. Berry's case as a key witness, but, that he also made statements in other cases that he had NO Knowledgeof.
(Emphasis sic.)
 {¶ 11} Finally, appellant alleged that he had been the victim of prosecutorial misconduct and ineffective assistance of counsel at trial, and that the trial court had erred by improperly admitting a co-conspirator's statement and improperly excluding polygraph examination results. He also claimed that the state had violatedBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, by not disclosing Johnson's post-trial willingness to testify, and that he did not receive a fair trial because witness Wayne McCarty's trial testimony conflicted with his sworn statement given to appellant's attorney before trial.
 {¶ 12} By decision and entry journalized July 10, 2006, the court denied both the December 19, 2005 motion for leave to file motion for new trial, and the January 19, 2006 motion to amend new trial request pursuant to Civ. R. 15. The court determined that appellant had not demonstrated by clear and convincing evidence that he was unavoidably prevented from discovering, within the 120-day time limit for motions for new trial due to newly discovered evidence, the evidence upon which he relied.
 {¶ 13} The trial court found that Johnson's willingness to testify is not "newly discovered" evidence within the meaning of Crim. R. 33, even where Johnson was not willing to testify at appellant's trial; and further found that even if Johnson's willingness to testify were newly discovered evidence, appellant discovered it as early as August 2000, *Page 7 
yet unduly and inexplicably delayed filing the motion for five years. The court also found that the letter that Wolmack purportedly wrote to appellant offering cooperation was fraudulent evidence because in it Wolmack misspelled his own first and last names. Even if the evidence is not fraudulent, the court found, appellant unduly delayed bringing it to the court's attention for nearly two years, and he had failed to explain this delay.
 {¶ 14} The court found no Brady violation respecting Johnson's post-trial willingness to testify, and noted that Wayne McCarty's sworn statement was admitted into evidence at appellant's trial as defense exhibit AAA. The court also noted that appellant litigated in his direct appeal to this court the issues of admission of a co-conspirator's statement and exclusion of polygraph test results, and he had failed to explain why he could not have timely raised issues of prosecutorial misconduct and ineffective assistance of counsel. Having denied appellant's motion for leave to file a motion for new trial for the foregoing reasons, the court went on to explain why appellant possessed no meritorious claim for a new trial, even if he were allowed to so move the court.
 {¶ 15} Appellant timely appealed, and advances one assignment of error, as follows:
 The Trial Court erred when it entered a judgment against the Appellant's Application for Leave to file a Motion for New Trial and denying the Appellant's Motion to Amend The New Trial Request pursuant to Civil R. 15. without holding an Evidentiary Hearing under 28. U.S.C. § 1915 based on frivolousness of Complainant's claim if there is a chance that the claims could be clarify to conform with the requirements of a Valid legal cause of action. In violation of Due Process under the Fourth, Fifth, Sixth, and Fourteenth Amendment to the Ohio and U.S. Constitution[.] *Page 8 
 {¶ 16} We note initially that to the extent that appellant's assignment of error is premised upon Section 1915, Title 28, U.S. Code, to which he refers in his assignment of error, we lack jurisdiction to consider it. That statute is part of the federal Prison Litigation Reform Act of 1996, and, by its terms, only applies in a "court of the United States." "The term `court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title [28 USCS §§ 81 et seq.], including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." Section 451, Title 28, U.S. Code. Because this court is not a "court of the United States," Section 1915, Title 28, U.S. Code has no operative effect in these proceedings.
 {¶ 17} Rule 33 of the Ohio Rules of Criminal Procedure governs motions for new trial in criminal proceedings. Crim. R. 33(A) provides, in pertinent part:
 Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 * * * (5) Error of law occurring at the trial;
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by *Page 9 
whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 {¶ 18} Crim. R. 33(B) provides:
 Motion for new trial; form, time. * * *
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 19} Pursuant to Crim. R. 33(B), if a defendant fails to file a motion for a new trial based on newly discovered evidence within 120 days of the jury's verdict or court's decision, then he or she must seek leave from the trial court to file a delayed motion. To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days. A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence. State v. Lee, 10th
Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 7; State v. Carr, 10th Dist. No. 02AP-1240, 2003-Ohio-2947, citingState v. Walden (1984), 19 Ohio App.3d 141, 145-146, 19 OBR 230,483 N.E.2d 859. *Page 10 
 {¶ 20} Thus, "Crim. R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within fourteen days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion." Walden at 146.
 {¶ 21} In State v. Petro (1947), 148 Ohio St. 505, 36 O.O. 165,76 N.E.2d 370, at the syllabus, the Supreme Court of Ohio held:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * *
See, also, State v. Lopa (1917), 96 Ohio St. 410, 117 N.E. 319.
 {¶ 22} The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E. 2d 118, paragraph three of the syllabus.
 {¶ 23} "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence *Page 11 
before it to satisfy the requisite degree of proof. Ford v. Osborne
(1887), 45 Ohio St. 1, 12 N.E. 526, paragraph two of the syllabus. However, it is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. An appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge."State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 24} Thus, in reviewing the trial court's refusal to grant leave to file a motion for new trial, we will examine the record to determine whether appellant presented sufficient evidence to satisfy the "clear and convincing evidence" standard; however, we cannot substitute our judgment for that of the trial court if competent credible evidence supports the trial court's decision.
 {¶ 25} On appeal, appellant emphasizes that he exercised due diligence in attempting to obtain the evidence over the years, and he argues that we should take into account his limited knowledge of the law. However, a defendant's knowledge of the law is not part of an analysis under Crim. R. 33(B). Appellant also makes various arguments respecting Section 1915, Title 28, U.S. Code, which we have already stated has no bearing on our analysis under Ohio's Crim. R. 33.
 {¶ 26} Appellant further asserts that the trial court should have granted his motion for leave to file a motion for new trial because he presented newly discovered evidence sufficient to warrant a hearing, and he demonstrated that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. He argues that because his attorney never interviewed Johnson, he did not discover Johnson's *Page 12 
willingness to testify that appellant did not commit the crimes of which he was convicted until he received Johnson's affidavit. Thus, he contends, Johnson's testimony is not merely "newly available" evidence but is truly "newly discovered."
 {¶ 27} He states that he did not submit Wolmack's letter right away because he "knew that the letter alone was not clear and convincing without other evidence of Mr. Wolmack's act's [sic] in other case's [sic]." (Reply Brief of Appellant at 6.) He directs our attention to the fact that he filed his motion immediately after securing Saunders' affidavit, in which Saunders attests to Wolmack's prior alleged act of being willing to testify falsely in order to obtain a favorable plea agreement.
 {¶ 28} Appellant acknowledges that his "Second, Third, and Fourth alleged Claims [involving prosecutorial misconduct, evidentiary rulings, and conflicting witness statements] were not claims [of grounds to support his Crim. R. 33(B) motion] but were only used to substantiate the appellants [sic] claim for New Trial. The Tenth Dist. Court of Appeals looked at these claims as `Harmless Error' but when looked at as a whole with the Newly Discovered Evidence, the evidence is so compelling that it would be a Violation of fundamental fairness embodind [sic] in Due Process not to afford the appellant a New Trial at which time the Newly Discovered Evidence could be considered." (Brief of Appellant, unnumbered page 10.) Thus, he concedes, any issues that he has already raised in his direct appeal do not themselves constitute grounds for a new trial.
 {¶ 29} In its brief, plaintiff-appellee, State of Ohio ("the state"), argues that appellant unreasonably delayed filing his motion for years after he discovered the grounds upon which his motion is based. The state also argues that appellant failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from *Page 13 
discovering, within the 120-day time limit of Crim. R. 33(B), the evidence upon which his motion was based.
 {¶ 30} The state maintains that appellant failed to show that he had no knowledge of the existence of the substance of Johnson's, Wolmack's, and Saunders' testimony, and that he could not have learned of the existence of that evidence within the time prescribed for filing a motion for new trial. While the evidence may be "newly available" it is not, the state contends, "newly discovered" within the meaning of Crim. R. 33. The state also cites federal cases in which courts have held that when a witness who previously chose not to testify later comes forward to offer exculpatory evidence, this does not constitute "newly discovered" evidence. On this record, the state argues, the trial court did not abuse its discretion in denying appellant's motions without a hearing.
 {¶ 31} The state also directs our attention to the case of State v.Davis, 10th Dist. No. 03AP-1200, 2004-Ohio-6065, in which this court affirmed the trial court's denial of leave to file a motion for new trial when the defendant submitted the affidavit of another individual in which that person confessed to the crimes of which the defendant had been convicted. The Davis court concluded that because appellant was aware at the time of trial that the individual might have exculpatory information, but never called that person to testify, the defendant had failed to prove that he could not, in the exercise of reasonable diligence, have discovered the confession prior to trial. Id. at ¶ 13.
 {¶ 32} In the present case, the state argues, appellant has known about Johnson's involvement since before trial yet, like the defendant in Davis, failed to subpoena this key witness to testify at trial. The fact that he now wishes to present Johnson's testimony does not, the state contends, transform his testimony into newly discovered evidence. At *Page 14 
the latest, the state argues, appellant was aware of Johnson's willingness to testify in August 2000, yet waited for over five years before he sought leave to file a motion for new trial on that basis. The state argues that this constitutes an unreasonable delay for which appellant has never offered an explanation.
 {¶ 33} The state further argues that Saunders' testimony does not entitle appellant to a hearing because it is extrinsic evidence of a specific instance of conduct offered for the purpose of attacking a witness' character for truthfulness, which is inadmissible under Evid. R. 608(B). The state also points out that Wolmack's letter evidences Wolmack's intent to recant his trial testimony, and that the Supreme Court of Ohio has held that witness recantations do not, as a matter of law, entitle defendants to a new trial. State v. Walker (1995),101 Ohio App.3d 433, 435, 655 N.E.2d 823. Additionally, the state contends, appellant received Wolmack's letter on February 24, 2004, and has failed to explain his nearly two-year delay in presenting it to the court, except to state that he was waiting to obtain Saunders' affidavit in order to build a stronger case. But, the state urges, Crim. R. 33(B) does not allow a defendant to bide his time so that he can build a stronger case. State v. Stansberry (Oct. 9, 1997), 8th Dist. No. 71004.
 {¶ 34} Finally, the state argues that appellant failed to establish grounds for a new trial even if he had been granted leave to file a motion for a new trial. We find it unnecessary to address the state's arguments in this regard, however, because appellant never demonstrated that he was entitled to leave to file such a motion.
 {¶ 35} As we noted earlier, appellant was required to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence *Page 15 
forming the basis for his motion for new trial within 120 days of the judgment of his conviction. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." State v. Walden (1984), 19 Ohio App.3d 141,145-146, 19 OBR 230, 483 N.E.2d 859.
 {¶ 36} In this case, appellant failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence of Johnson's testimony that appellant was uninvolved in the crimes for which he was convicted. He also failed to prove that Johnson's testimony could not, in the exercise of reasonable diligence, have been discovered within the statutory time period for filing a motion for a new trial. Appellant was aware of Johnson's involvement in the crimes but never called Johnson as a witness at trial. He could have caused a subpoena to issue compelling Johnson's attendance at trial, but he did not do so.
 {¶ 37} Moreover, a "trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence." State v. Griffith, 11th Dist. No. 2005-T-0038,2006-Ohio-2935, ¶ 15, quoting State v. Newell, 8th Dist. No. 84525,2004-Ohio-6917, ¶ 16. See, also, Stansberry.
 {¶ 38} In Stansberry, the Eighth Appellate District stated:
 A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the *Page 16 
circumstances or that the defendant has adequately explained the reason for the delay.
Id., 1997 Ohio App. LEXIS 4561, at *9. The Second Appellate District has explained:
 Although Crim. R. 33(B) is silent regarding a time limit for the filing of a motion for leave to file a delayed motion for new trial, the application of Crim. R. 33(B) must be undertaken against the backdrop of Crim. R. 1(B), which states:
 These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.
 Further, Crim. R. 57(B) states that "if no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure[.]"
 In light of the purpose and construction of the criminal rules, a trial court may require a defendant to file his motion for leave to file a motion for new trial within a reasonable time after he discovers new evidence. Allowing the defendant to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay.
(Emphasis sic.) State v. York (Apr. 6, 2001), 2nd Dist. No. 2000 CA 70, 2001 Ohio App. LEXIS 1623, at *8-10. (Citations omitted.)[2]
 {¶ 39} Appellant was aware of Johnson's willingness to testify on his behalf as early as August 2000, but did not file his motion for leave until November 2005. This is an unreasonable delay for which appellant has provided no explanation. Appellant likewise *Page 17 
failed to offer any explanation for his nearly two-year delay in presenting to the court Wolmack's letter offering to recant his trial testimony, other than his own desire to build a stronger case. But Crim. R. 33(B) does not allow a defendant to wait for further evidence to arise that will bolster his case. In Stansberry, supra, the court explained:
 Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available.
1997 Ohio App. LEXIS 4561, at *9.
 {¶ 40} Finally, regardless whether Saunders' testimony would ultimately be admissible, appellant has not demonstrated by clear and convincing evidence that he was unavoidably prevented from discovering its existence within the statutory time limit for filing a motion for new trial grounded in newly discovered evidence. In their affidavits, both appellant and Saunders state that appellant became aware of Saunders' testimony when the two discussed appellant's case, but neither states when this discussion first occurred. In his reply memorandum filed in the trial court, appellant argued that he could not have discovered Saunders' testimony within the statutory time limit for filing a motion for new trial because he only met Saunders after the two were incarcerated together at Ross Correctional Institution; however, this is an argument, not evidence. In any event, the fact of a defendant's incarceration, without more, does not equate to clear and convincing evidence that he was unavoidably prevented from discovering the evidence *Page 18 
within the time parameter established by Crim. R. 33(B). State v.Frase (Aug. 2, 1999), 5th Dist. No. 99CA32; State v.Smith (Mar. 27, 1998), 2nd Dist. No. 97 CA 46.
 {¶ 41} Moreover, Saunders did not provide any evidence from which the trial court or this court can ascertain when Wolmack's alleged prevarication relating to Saunders' criminal activity occurred. Thus, we cannot discern whether it occurred before or after the expiration of the statutory limitation on appellant's motion for new trial. In short, appellant has not demonstrated by clear and convincing evidence that he was unable, in the exercise of reasonable diligence, to discover Saunders' testimony within the time limit for requesting a new trial.
 {¶ 42} In consideration of all of the foregoing, we determine that the trial court properly denied appellant's motion for leave to file a motion for new trial. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
[1] This court has held that the Crim. R. 33(B) procedure for new trial motions exists independently from the R.C. 2953.21 procedure for post-conviction petitions. State v. Lee, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 13. Because appellant has couched all of his arguments in the trial court and in this court in terms of a Crim. R. 33(B) motion and has addressed only the requirements of that rule, we will treat his motion as a motion for new trial and not as a petition for post-conviction relief.
[2] Accord State v. Kimbrough, 8th Dist. No. 84863, 2005-Ohio-1320, ¶ 17, discretionary appeal not allowed, 106 Ohio St.3d 1464,2005-Ohio-3490, 830 N.E.2d 1170, certiorari denied, Kimbrough v.Ohio (2006), 126 S.Ct. 1366, 164 L.Ed.2d 75; State v. Valentine, 11th Dist. No. 2002-P-0052, 2003-Ohio-2838, ¶ 9; State v. Barnes (Dec. 30, 1999), 12th Dist. No. CA99-057. *Page 1