DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant Karl Willis' motion for leave to file a motion for new trial. For the reasons that follow, this court affirms the judgment.
 {¶ 2} After a jury trial, on January 7, 2000, appellant was found guilty of aggravated murder with firearm specification, and aggravated robbery with firearm *Page 2 
specification. The thirteen-year-old victim, Maurice Purifie, was killed in a drug money related dispute. Purifie was beaten and shot once in the chest and four times in the head at close range. Three people were allegedly present when Purifie was killed: appellant, co-defendant Wayne Braddy, and Travis Slaughter.
 {¶ 3} Appellant's conviction was based largely on the testimony of Slaughter. In exchange for his testimony, Slaughter was allowed to enter a plea to involuntary manslaughter with a gun specification.
 {¶ 4} At trial, Slaughter testified that he struck Purifie several times with a gun. Then Slaughter demanded that appellant and Braddy "fuck him up." Appellant and Braddy then beat and kicked Purifie until Slaughter told them to stop.
 {¶ 5} Slaughter further testified that after Purifie stood up and started cursing and threatening him, Slaughter shot him once in the chest. Slaughter then stated that appellant took the gun and shot Purifie twice in the head. Finally, Braddy took the gun and shot at Purifie approximately six times — twice in the head.
 {¶ 6} Slaughter admitted that he previously lied to his girlfriend and the police when he told different versions of the story. Some of these versions had lesser or no involvement of appellant or Braddy.
 {¶ 7} On March 2, 2001, appellant's conviction was affirmed.[1]
 {¶ 8} On January 4, 2006, appellant filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33(B). According to a memorandum accompanying the motion, Slaughter recanted his testimony in an affidavit and swears that neither appellant *Page 3 
nor Braddy was present or had anything to do with the death of Purifie. Appellee filed a memorandum in opposition. Appellant filed a reply which attached the affidavit of Slaughter recanting his trial testimony. This affidavit was notarized on September 4, 2002.
 {¶ 9} On July 5, 2006, upon review of the pleadings and applicable case law, the trial court denied appellant's motion for leave to file a motion for new trial.
 {¶ 10} Appellant now asserts the following assignment of error:
 {¶ 11} "THE TRIAL COURT COMMITTED ERROR WHEN IT DETERMINED, WITHOUT AN EVIDENTIARY HEARING, AND WITHOUT REVIEW OF THE TRIAL TESTIMONY, THAT SLAUGHTERS RECANTED TESTIMONY WOULD NOT BE `COMPELLING AND THEREFORE REFUSED TO GRANT LEAVE TO FILE A MOTION FOR NEW TRIAL."
 {¶ 12} The granting or denying of leave to file a motion for new trial lies within the sound discretion of the trial court. State v.Lamar, 4th Dist. No. 01CA17, 2002-Ohio-6130, ¶ 29 citing State v.Pinkerman, 88 Ohio App.3d 158, 160. "`Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion.'" State v. Holmes, 9th Dist. No. 05CA008711, 2006-Ohio-1310, ¶ 8
quoting State v. Starling, 10th Dist. No. 01AP-1344, 2002-Ohio-3683, ¶ 10 (citations omitted). Therefore, we review the trial court's denial of appellant's motion for leave to file a motion for new trial without evidentiary hearing under an abuse of discretion standard. An abuse of discretion is more than a mere error in judgment, it implies that a court's *Page 4 
ruling is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In material part, Crim.R. 33 provides:
 {¶ 14} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 15} "* * *
 {¶ 16} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial. * * *
 {¶ 17} "(B) Motion for new trial; form, time. * * *
 {¶ 18} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 19} In the present case, in its ruling, citing portions ofState v. Forts on, 8th Dist. No. 82545, 2003-Ohio-5387, the trial court seemed to jump to the merits of a motion for new trial, concluding that there is no "compelling reason" for accepting Slaughter's recantation over his trial testimony. Certainly, courts have held that where a defendant seeks a new trial based upon the recanted testimony of a witness, the court is *Page 5 
called upon to determine the credibility of that witness. "Recantation by a significant witness does not, as a matter of law, entitle the defendant to a new trial. This determination is left to the sound discretion of the trial court." State v. Walker (1995),101 Ohio App.3d 433, 435 citing State v. Lane (1976), 49 Ohio St.2d 77 and State v.Pirman (1994), 94 Ohio App.3d 203. However, in the present case, such an analysis of the substantive new trial issue is premature, and we need not review those issues at this juncture. See State v. McConnell, 2d Dist. No. 21684, 2007-Ohio-1 181, ¶ 22.
 {¶ 20} Instead, in the present case, we note that the critical issue at the preliminary stage of a motion for leave to file a motion for new trial is the timing of appellant's motion given the constraints imposed by Crim.R. 33(B) and case law. Pursuant to Crim.R. 33(B), if a defendant fails to file a motion for a new trial based on newly discovered evidence within 120 days of the jury's verdict or court's decision, then he or she must seek leave from the trial court to file a "delayed motion." State v. Berry, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. Although this court noted in State v. Roberts, 6th Dist. Nos. WD-03-001, WD-02-066, 2003-Ohio-5689, ¶ 18, that Crim.R. 33(B) itself does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial, subsequent case law has adopted a reasonableness standard. State v. Griffith, 11th Dist. No. 2005-T-0038,2006-Ohio-2935, ¶ 15. ?`A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence.' State v. Newell, 8th Dist. No. 84525, 2004-Ohio-6917, at ¶ 16." Id.; see, also, Berry, ¶ 38, quoting State v. Stansberry (Oct. 9, 1977), 8th Dist. No. 71004. If there has been "`an undue delay in filing the motion after the evidence was *Page 6 
discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay.'" Griffith, ¶ 16 and Berry, ¶ 38 quotingStansberry.
 {¶ 21} Similar to the present case, apparently in bothGriffith and Berry, the trial court did not hold an evidentiary hearing before denying the motion for leave to file a motion for new trial. InGriffith, due to an unexplained 14 month delay between the discovery of new evidence and the filing of the motion for leave to file a delayed motion for new trial, the trial court's denial for leave was affirmed.Griffith, ¶ 18-19. Likewise, in Berry, the appellant failed to offer any explanation for his nearly two-year delay in presenting to the trial court a letter by a trial witness recanting his trial testimony, other than the appellant's own desire to build a stronger case.Berry, ¶ 39. The court found this delay to be unreasonable. The trial court's denial of the appellant's motion for leave to file a motion for new trial was affirmed.
 {¶ 22} Finally, in State v. Roberts (2001), 141 Ohio App.3d 578, we found that the appellee's first chance to file his motion for a new trial occurred when the Supreme Court of Ohio dismissed his appeal. However, the appellee waited five months to file his motion. Further, the appellee failed to argue facts demonstrating that he was unavoidably prevented from discovering the evidence upon which his motion was based. We concluded that the trial court abused its discretion in entertaining the appellee's untimely motion for a new trial.
 {¶ 23} Similar to Griffith, Berry, and Roberts, we find that appellant's unexplained more than three-year delay between Slaughter's September 2002 recantation affidavit and *Page 7 
appellant's January 2006 motion for leave to file a motion for new trial is unreasonable. On this basis alone, we find that the trial court did not abuse its discretion when it denied appellant's motion for leave to file a motion for new trial without holding an evidentiary hearing. Appellant's assignment of error is found not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] Case No. L-00-1041. *Page 1