[Cite as *State v. Anderson*, 2014-Ohio-1849.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-831 |
| v. | : | (C.P.C. No. 07CR-06-4563) |
| Kim L. Anderson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |


D E C I S I O N

Rendered on May 1, 2014


*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Kim L. Anderson*, pro se.


APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Kim L. Anderson, appeals from a judgment of the Franklin County Court of Common Pleas denying both his motion for leave to file a motion for new trial and his motion for new trial. For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} In 2007, appellant was indicted for multiple offenses pertaining to allegations of mortgage fraud. During a jury trial, evidence established appellant participated in a mortgage fraud scheme that involved six properties and defrauded mortgage lenders of over $1 million. *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566, ¶ 3 ("*Anderson I*"). Following trial, appellant was convicted of 13 of the 21

indicted offenses and was sentenced to an aggregate prison term of 15 years. *Id.* at ¶ 9. Appellant's conviction and sentence were affirmed by this court in *Anderson I. Id.*

{¶ 3} In the years following the disposition of his direct appeal, the record reveals appellant has filed a number of motions, including a prior motion for a new trial and various motions seeking postconviction relief. The motion currently before this court is appellant's March 13, 2013 motion for leave to file a motion for new trial, pursuant to Crim.R. 33, and motion for new trial pursuant to Crim.R. 33(A)(6). Appellant's motion for leave to file was based on "truly newly discovered evidence recently received in a Civil Case" that he was "unavoidably prevented from discovering." (Motion for leave, 1.) The newly discovered evidence consists of a multitude of evidence presented in appellant's civil litigation.[1] Though asserting all of the evidence was relevant, appellant primarily relied on the affidavit of Frank Farkas that was submitted in the "Discovery Process within that Case." (Motion for new trial, 1.) According to appellant, the affidavit demonstrates that Farkas lied at appellant's criminal trial. Appellant's motion indicates that, prior to October 5, 2012, he "had no knowledge that this information even existed." (Motion for leave, 3.)

{¶ 4} The trial court found appellant failed to present clear and convincing evidence that he was unavoidably prevented from timely filing the motion for leave and failed to present any evidence presenting a strong probability that the result of the trial would be changed if a new trial was ordered. Accordingly, the trial court denied both the motion for leave and the motion for new trial.

## II. ASSIGNMENTS OF ERROR

{¶ 5} This appeal followed, and appellant brings three assignments of error for our review:

> [I.] The Trial Court erred as a matter of law and abused its discretion by Denying Defendant's Motion for leave to file a Delayed Motion for New Trial and Defendant's Second Motion for New Trial based on Newly Discovered evidence;

---

[1] In his March 13, 2013 motion for new trial, appellant states that, in addition to trying to prove his innocence, he has undertaken civil litigation seeking damages against "the persons and parties he believes Negligently and Fraudulently caused him harm in several of the Real Estate Transactions," specifically, "Preferred Title Agency, Inc., Frank Farkas, Rebecca Barley, and Stewart Title Company, Inc." (Motion for new trial, 1.)

that was withheld from him by the prosecutors in his criminal trial, and only discovered after filing a civil case. Moreover, while the trial court does not dispute that the evidence was withheld by the State; the trial court abused its discretion by, in essence, finding that Mr. Anderson was unavoidably prevented from discovering the new evidence, but waited too long to file his Motion.

[II.] Defendant's trial counsel is ineffective when he fails to investigate or pursue discovery; specifically when he was involved in many of the underlying transactions, and that two (2) properties were sold before trial, and this evidence along with other exculpatory evidence was withheld by the State; even after Rule 16 Discovery requests in clear violation of said discovery rules, counsel's duties to Defendant; and Brady V. Maryland, 373 U.S. 83 (1963).

[III.] The Trial Court erred as a matter of law by not holding an Evidentiary Hearing on Defendant's Motion for New Trial; especially in light of evidence showing prosecutorial misconduct, witness perjury, and State advancing knowing use of false testimony along with new evidence indicating conviction not supported by credible evidence; making his conviction and sentence void and contrary to law.

## III. DISCUSSION

### A. First and Third Assignments of Error

{¶ 6} Because they are interrelated, appellant's first and third assignments of error will be addressed as one. Together these assigned errors challenge the trial court's decision denying appellant's motion for leave to file a motion for new trial and to do so without a hearing.

{¶ 7} In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard. *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9 ("*Anderson II*"). An abuse of discretion exists when the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Crim.R. 33(A)(6) provides in part that a new trial may be granted on motion by the defendant "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B)

"imposes time limits for the filing of a motion for a new trial."  *Anderson II* at ¶ 11. Specifically, Crim.R. 33(B) states:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 8}    This court has previously noted that " 'Crim.R. 33 contemplates a two-step procedure when a defendant seeks to file a motion for new trial more than 120 days after the conclusion of the trial.' "  *State v. Stepherson*, 10th Dist. No. 13AP-282, 2013-Ohio-5396, ¶ 15, quoting *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837, ¶ 13. Under the first step, " 'the defendant must demonstrate that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial.' "  *Id.*, quoting *Bethel* at ¶ 13.  A defendant is " 'unavoidably prevented' " from discovering the new evidence within the time period for filing a motion for new trial when the defendant " 'had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence.' "  *Id.*, quoting *Bethel* at ¶ 13, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244.  Under the second step, " 'if the defendant does establish by clear and convincing evidence that the delay in

finding the new evidence was unavoidable, the defendant must file the motion for new trial within seven days from that finding.' " *Id.*, quoting *Bethel* at ¶ 13.

{¶ 9}   The Supreme Court of Ohio, in *State v. Petro*, 148 Ohio St. 505 (1947), syllabus, set forth the following six-part test for determining whether a motion for new trial on the basis of newly discovered evidence should be granted:

> To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

{¶ 10} In considering appellant's motion for leave to file a motion for new trial, the trial court found appellant failed to demonstrate that he was unavoidably prevented from filing the motion in a timely manner.  Specifically, the trial court held that appellant failed to explain the 159-day delay in filing his motion for leave after obtaining the information from his civil case.   The trial court also noted that "[w]ith regard to Mr. Farkas, [appellant] has previously filed motions concerning allegations as to inconsistencies and perjury regarding his testimony."  (Decision, 6.)  After examining Mr. Farkas's affidavit, the trial court stated, "[w]ith all due respect to [appellant] herein, this Court cannot see any material differences between what [appellant] claims that Mr. Farkas testified to in his trial, and what is contained in his affidavit."  (Decision, 7.)  In conclusion, the trial court found appellant failed to present clear and convincing evidence that he was unavoidably prevented from timely filing the motion for leave and failed to present any evidence presenting a strong probability that the result of the trial would be changed if a new trial was ordered.

{¶ 11} Appellant first contends that in denying his motion for leave, the trial court should not have considered the 159-day delay between filing the motion for leave and the receipt of the information.  According to appellant, this reasoning is "fatally flawed." (Appellant's brief, 5.)  We reject appellant's contention.

{¶ 12} As this court stated in *Anderson II*, which reviewed the trial court's denial of appellant's prior motion for new trial based on newly discovered evidence:

> Further, a " 'trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence.' " [*State v.* Golden, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 18], *quoting State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 37. As observed by the Seventh District Court of Appeals:
>
> While Crim.R. 33(B) does not provide a specific time limit in which defendants must file a motion for leave to file a delayed motion for new trial, many courts have required defendants to file such a motion within a reasonable time after discovering the evidence. *State v. Griffith*, 11th Dist. No. 2005-T-0038, 2006-Ohio-2935, ¶ 15. *See also State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 37; *State v. Willis*, 6th Dist. No. L-06-1244, 2007-Ohio-3959, ¶ 20; *State v. Newell*, 8th Dist. No. 84525, 2004-Ohio-6917, ¶ 16; *State v. Stansberry*, 8th Dist. No. 71004 (Oct. 9, 1997).
>
> *State v. Wilson*, 7th Dist. No. 11 MA 92, 2012-Ohio-1505, ¶ 57 (also adopting the rule).

*Id.* at ¶ 17.

{¶ 13} In *Anderson II*, appellant acknowledged that 134 days passed from his receipt of the alleged newly discovered evidence on August 20, 2010 and the filing of his motion for new trial on January 4, 2011. This court rejected appellant's contention that the timing of the filing of his motion was reasonable in light of his current incarceration and reasoned, "In view of the fact that Crim.R. 33(B) establishes an initial 120-day period to file a motion for a new trial based on newly discovered evidence, and under the particular facts of this case, the trial court did not abuse its discretion in concluding that appellant had not filed his motion within a reasonable time after discovery of the evidence." *Id.* at ¶ 18.

{¶ 14} Despite the ruling in *Anderson II*, appellant now asks this court to find the 159-day delay reasonable. The trial court rejected appellant's contention that the filing was completed in a reasonable amount of time after finding that appellant failed to submit any good reason for the delay. On appeal, other than stating the trial court was wrong to have considered the 159-day delay, appellant provides no reasoning as to why the delay

should be considered reasonable.  Given *Anderson II* and the other authorities cited supra, we cannot conclude that the trial court abused its discretion in considering the 159-day delay.

{¶ 15} Appellant also argues the trial court erred in denying his motion for leave to file a motion for new trial because he presented newly discovered evidence sufficient to warrant a hearing.  The decision whether to grant or hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.  *State v. Caulley*, 10th Dist. No. 12AP-100, 2012-Ohio-2649, ¶ 15, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.); *State v. Carson*, 10th Dist. No. 07AP-492, 2007-Ohio-6382, ¶ 22.

{¶ 16} Here, the trial court concluded appellant's motion for leave to file was not filed within a reasonable time frame and that, after review of the Farkas affidavit, appellant demonstrated no "material differences between what [appellant] claims that Mr. Farkas testified to in his trial, and what is contained in his affidavit."  (Decision, 7.)  Given the trial court's findings that the motion for leave was not filed within a reasonable time frame and that appellant failed to present clear and convincing evidence establishing a strong probability that the result of the trial would be changed if a new trial was ordered, we discern no abuse of discretion in the trial court's decision to deny appellant's motion for leave to file without a hearing.

{¶ 17} To the extent appellant's arguments can be construed as challenging the denial of the motion for new trial without a hearing, it is unnecessary to address such arguments in this regard because appellant did not demonstrate that he was entitled to leave to file such a motion.  *Berry* at ¶ 34.

{¶ 18} Accordingly, appellant's first and third assignments of error are overruled.

**B.  Second Assignment of Error**

{¶ 19} In his second assignment of error, appellant contends his trial counsel was ineffective during "all stages of his criminal proceedings."  (Appellant's brief, 7.)  Not only does this allegation fail to relate to the alleged newly discovered evidence, but, also appellant did not raise this claim in the motion for leave to file a motion for new trial or in his motion for new trial.  An appellate court will not entertain issues that were not raised

in the trial court first.  *State v. Brown*, 6th Dist. No. L-98-1130 (Aug. 21, 1998) (issues not raised in motion for new trial pursuant to Crim.R. 33 cannot be raised for the first time on appeal); *State v. Williams*, 51 Ohio St.2d 112 (1977) (it is axiomatic that arguments which are not raised in the trial court are waived for purposes of appeal); *Owners Mgt. Co. v. Moore*, 111 Ohio App.3d 820, 825 (6th Dist.1996).

{¶ 20} Accordingly, appellant's second assignment of error is overruled.

## IV.  CONCLUSION

{¶ 21} Having overruled appellant's three asserted assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

_____