ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This is an accelerated appeal. Defendant-appellant, Timothy Newell, pro se, appeals the judgment of the Common Pleas Court denying his Crim.R. 33 motion for an order that he was unavoidably prevented from discovering new evidence. For the reasons that follow, we affirm.
 {¶ 2} In 1978, Newell was convicted in two separate jury trials. In the first case, he was charged with two counts of kidnapping, three counts of rape, two counts of felonious assault, and two counts of aggravated robbery. The jury found him guilty of both counts of kidnapping, all counts of rape, and one count of aggravated robbery.
 {¶ 3} In the other case, Newell was indicted for four counts of kidnapping, seventeen counts of rape, four counts of aggravated robbery, one count of felonious assault, one count of gross sexual imposition, and one count of felonious sexual penetration. Because the trial court granted Newell's motion to suppress the identification testimony of one witness, one count of kidnapping and five counts of rape relating to that witness were dismissed. Additionally, the trial court granted Newell's motion for acquittal regarding one count of aggravated robbery. The jury found him guilty of the remaining charges and the trial court sentenced him on both cases to a combined total of 375 years in prison.
 {¶ 4} This court affirmed and modified Newell's convictions on appeal. State v. Newell (Feb. 14, 1980), Cuyahoga App. Nos. 40334 and 40335.
 {¶ 5} Two psychological evaluations were conducted on Newell while he was incarcerated. The first was conducted in 1992 at the request of the Adult Parole Authority and the second was conducted in 1998.
 {¶ 6} In October 2003, Newell filed a "motion for an order finding that he was unavoidably prevented from timely discovering evidence" in the trial court. In his motion, Newell asserted that the reports of the psychological evaluations conducted in 1992 and 1998 indicated that he suffered various mental disorders when he committed the crimes for which he was convicted, and further, that he continues to suffer from those conditions today. Newell contended that he was unavoidably prevented from discovering this evidence within the time frame set forth in Crim.R. 33 for filing a motion for a new trial and requested "an order finding that he was unavoidably prevented from timely discovering evidence and that he is permitted to file a motion for new trial." The State responded by filing a "Response to Motion for New Trial."
 {¶ 7} The trial court denied Newell's motion, ruling that "defendant's motion for new trial is denied."
 {¶ 8} On appeal, Newell argues that the trial court erred in denying his motion.
 {¶ 9} The allowance or denial of a motion for a new trial is within the competence and discretion of the trial judge, and that decision will not be disturbed absent a showing of an abuse of discretion. State v. Hill (1992), 64 Ohio St.3d 313, 333. The discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party. State v.Otten (1986), 33 Ohio App.3d 339.
 {¶ 10} Crim.R. 33(A), regarding new trials, provides, in pertinent part:
 {¶ 11} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 12} "* * *
 {¶ 13} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
 {¶ 14} "(B) Motion for new trial; form, time. * * * Motions for new trial on account of newly discovered evidence shall be filed within 120 days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the 120 day period."
 {¶ 15} Thus, although Crim.R. 33(B) allows a party to move for new trial on the basis of newly discovered evidence after the 120day period has expired, a defendant may only do so after proving by clear and convincing evidence that he was unavoidably prevented from discovering such evidence. In such a case, the defendant must first seek an order from the court finding that he was unavoidably prevented from discovering the evidence, and then the defendant must then file his motion for new trial with seven days of such order.
 {¶ 16} A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the new evidence. In State v. Stansberry (Oct. 9, 1997), Cuyahoga App. No. 71004, this court stated:
 {¶ 17} "Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available.
 {¶ 18} "A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay. That determination is subject to a review by an abuse of discretion standard."
 {¶ 19} In light of this reasonableness standard, inStansberry, this court affirmed the trial court's ruling denying the defendant's motion for leave because, although most of the evidence upon which the defendant relied was available to him either in 1984 or by 1993, his motion was not filed until 1996. Id. Similarly, in State v. Nicholson (May 1, 1997), Cuyahoga App. No. 70916, this court reversed the grant of a new trial due, in part, to the delay of the defendant in filing his motion four years after discovering his evidence.
 {¶ 20} Here, 26 years have passed since Newell was convicted. Moreover, although the psychiatric reports at issue were available to Newell in 1992 and 1998, he did not file his motion for leave until 2003. In his motion, Newell offered no explanation whatsoever for the delay. Accordingly, we find the delay unreasonable under the circumstances and, therefore, hold that the trial court properly denied Newell's motion.
 {¶ 21} Newell contends, however, that the trial court abused its discretion in construing his motion for an order that he was unavoidably prevented from discovering evidence as a motion for a new trial. He argues that his motion involved only whether he had been unavoidably prevented from discovering the two psychiatric reports, and not a motion for a new trial, and, therefore, the trial court should have decided only that issue. We are not persuaded.
 {¶ 22} In State v. Valentine, Portage App. No. 2002-P-0052, 2003-Ohio-2838, the defendant filed what he captioned a "Delayed Motion for New Trial." In his motion, he moved for leave to file a motion for new trial on the basis of newly discovered evidence. The trial court summarily denied his motion without a hearing.
 {¶ 23} On appeal, the defendant argued that the trial court abused its discretion in denying his motion because, before it could deny his motion, it had a duty to first determine if he was unavoidably prevented from discovering the new evidence within the 120-day time frame following the verdict. The Eleventh Appellate District Court of Appeals rejected this argument, however. The court found that the defendant had failed "to offer even one word as to why he was unavoidably delayed from discovering the proffered evidence," and that his failure to do so "[fell] far short of meeting a clear and convincing standard of proof." Id. at ¶ 10. The court also found that a review of defendant's motion demonstrated no reason to grant a new trial, as many of the issues raised were barred by res judicata and the allegedly newly discovered evidence did not support his arguments. Accordingly, the court held that "although it would have been the better practice for the trial court to clearly state whether it was [denying the defendant's] motion as being untimely or upon the merits," the trial court had not abused its discretion in denying the defendant's motion. Id. at ¶ 15.
 {¶ 24} Likewise, in this case, we find no prejudice to Newell as a result of the trial court's ruling. First, Newell gave no explanation for his delay in filing his motion and, therefore, the trial court properly denied his motion. Thus, even if the trial court's journal entry had stated that the court was denying Newell's motion for an order that he was unavoidably prevented from discovering new evidence, Newell would have then been precluded, under the two-step process set forth in Crim.R 33(B), from filing a motion for new trial. Accordingly, Newell was not prejudiced by the trial court's order denying a motion for a new trial.
 {¶ 25} Moreover, in ruling upon Newell's motion, the trial court apparently considered whether the two psychiatric reports warranted a new trial. In order to obtain a new trial based upon newly discovered evidence, a defendant must show that:
 {¶ 26} "The new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) was discovered after the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 27} In his motion, Newell stated that he would base his motion for new trial on the 1992 and 1998 psychiatric reports. He attached only the 1992 psychiatric report to his motion, however. Contrary to Newell's assertion, this report contains no analysis regarding his mental condition at the time of the offenses. Rather, it notes that Newell has antisocial personality disorder and recommends, for purposes of parole evaluation, that he "needs extremely long and intense therapy * * * before parole release is even considered considering the violence that occurred in Newell's rape cases as well as what appears to be the rage and anger that he still possesses in his life today." Because this report does not address Newell's mental condition at the time of the crimes, in addition to being stale evidence, it is not material to the issues and, therefore, does not warrant a new trial. Similarly, in his motion, Newell offered no evidence, or even argument, regarding how the 1998 report is material to the issues or would change the outcome at trial. Therefore, because the evidence set forth by Newell in his motion did not warrant a new trial, the trial court properly denied the motion.
 {¶ 28} Accordingly, although the better practice in this case would have been for the trial court to clearly state that it was denying Newell's motion for an order finding that he was unavoidably prevented from discovering evidence as untimely, the trial court did not abuse its discretion in construing Newell's motion as a motion for a new trial and in denying it.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and Rocco, J., Concur.
*Sitting by Assignment: Joyce J. George, Retired, of the Ninth District Court of Appeals.