{¶ 19} Although I concur that the trial court's denial of appellant's motion for a new trial should be affirmed, I do so on the basis of appellant's unreasonable delay in filing the same.
 {¶ 20} Crim.R. 33 does not place any time restrictions on when a motion for new trial may be filed after avoidable prevention is determined. State v. Stansberry (Oct. 9, 1997), 8th Dist. No. 71004. However, case law has adopted a reasonableness standard, to wit:
"A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence. In State v. Stansberry [supra], this court stated:
"`Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available.
"`A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay. * * *'" State v. Newell, 8th Dist. No. 84525, 2004-Ohio-6917, at ¶¶ 16-18.
 {¶ 21} Appellant admits that he had the victim's letter and other evidence supporting his motion for four years before he filed his motion for new trial. Moreover, he does not explain in his motion why he waited several years before filing for a new trial. I would affirm due to this unreasonable delay.