OPINION
{¶ 1} Appellant, Shane R. Elersic, appeals from the judgment entry of the Lake County Court of Common Pleas denying his pro se motion for leave to file an application for new trial, pursuant to Crim. R. 33(B). We affirm the trial court's decision.
 {¶ 2} Appellant was indicted on September 17, 1999, in Case No. 99 CR 364, on three counts of breaking and entering, felonies of the fifth degree, in violation of R.C. 2911.13; three counts of theft, felonies of the fifth degree, in violation of R.C. 2913.02; one count of vandalism, a felony of the fifth degree, in violation of R.C. 2909.05; one *Page 2 
count of receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51 with a firearm specification in violation of R.C. 2941.141; and one count of engaging in a pattern of corrupt activity, a felony of the second degree, in violation of R.C. 2923.32.
 {¶ 3} A jury trial was held on February 1, 2000 and, several days later, appellant was found guilty of two counts of breaking and entering, two counts of theft, engaging in a pattern of corrupt activity, and receiving stolen property with a firearm specification. The trial court entered judgment accordingly. In State v. Elersic, 11th Dist. Nos. 2000-L-062 and 2000-L-164, 2001-Ohio-8787, this court reversed and remanded the judgment of the trial court. On remand, the trial court dismissed all counts with the exception of the receiving stolen property with a firearm specification and set the case for a retrial.
 {¶ 4} Prior to retrial, on March 29, 2002, appellant was secretly indicted by the Lake County Grand Jury on one count of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2) with a firearm specification in violation of R.C. 2941.141; and one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) with a firearm specification in violation of R.C. 2941.141.
 {¶ 5} On July 9, 2002, after retrial, appellant was acquitted of the charge of receiving stolen property. On August 6, 2002, appellant moved to dismiss the March 29, 2002 indictment on the grounds of double jeopardy, res judicata, collateral estoppel, prosecutorial vindictiveness, and speedy trial. After considering appellant's contentions, the trial court dismissed count two, grand theft with a firearm specification; however, count one, burglary with a firearm specification, remained. *Page 3 
 {¶ 6} The matter proceeded to jury trial, which began on October 10, 2002. The following day, the jury returned a verdict of guilty on the sole count and the trial court entered judgment accordingly. Appellant appealed and, in State v. Elersic, 11th Dist. No. 2002-L-172,2004-Ohio-5301, this court affirmed the judgment entry of the trial court. On November 13, 2002, appellant was sentenced to a total of five years in prison.
 {¶ 7} On May 23, 2007, pursuant to Crim. R. 33(B), appellant filed a motion for leave to file a delayed application for new trial based upon newly discovered. The evidence at issue was an affidavit of co-defendant Josh Miller, executed on January 31, 2005, which purported to exonerate appellant from the crime which led to his October, 2002 conviction. On June 5, 2007, the trial court denied the motion. One week later, appellant moved the trial court to reconsider its judgment; the trial court denied this request. On June 28, 2007, appellant filed a timely pro se appeal with this court asserting the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of the appellant, abusing it's [sic] discretion when denying appellant's motion for leave to file a delayed motion for new trial pursuant to Criminal Rule 33(B)."
 {¶ 9} Appellant argues the trial court acted arbitrarily, capriciously, and unreasonably when it denied his application for leave to file a delayed motion for new trial. Appellant's argument is premised upon his assertion that the trial court "made up a `reasonable time standard' to deny [his] motion."
 {¶ 10} The allowance or denial of a motion for a new trial is within the sound discretion of the trial court and will not be disturbed save an abuse of discretion. State *Page 4 v. Hill, 64 Ohio St.3d 313, 333, 1992-Ohio-43. The concept of an abuse of discretion goes beyond a mere error of law; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Crim. R. 33(A) governs motions for new trials, and provides, in pertinent part:
 {¶ 12} "(A) Grounds.
 {¶ 13} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 14} "* * *
 {¶ 15} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
 {¶ 16} "(B) Motion for new trial; form, time.
 {¶ 17} "* * *
 {¶ 18} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 19} Although Crim. R. 33(B) permits a party to move for a new trial on the grounds of newly discovered evidence after the one hundred twenty day period has *Page 5 
expired, that party may only do so after demonstrating, by clear and convincing evidence, that he or she was unavoidably prevented from discovering that evidence. Under such circumstances, the party must first seek an order from the court formally finding he or she was unavoidably prevented from discovering the evidence; if the court so finds, the party must then file his or her motion for a new trial within seven days of the order.
 {¶ 20} Crim. R. 33 does not set forth any specific time strictures as to when a motion for new trial may be filed after unavoidable prevention has been found. However, "case law has adopted a reasonableness standard." State v. Griffith, 11th Dist. No. 2005-T-0038,2006-Ohio-2935, at ¶ 15; see, also, State v. Stansberry (Oct. 9, 1997), 8th Dist. No. 71004, 1997 Ohio App. LEXIS 4561, *9; State v.Newell, 8th Dist. No. 84525, 2004-Ohio-6917, at ¶ 16; State v.Willis, 6th Dist. No. L-06-1244, 2007-Ohio-3959, at ¶ 20; State v.Berry, 10th Dist. No. 06AP-803, 2007-Ohio-2244, at ¶ 37; State v.York, 2d Dist. No. 2000 CA 70, 2001-Ohio-1528, 2001 Ohio App. LEXIS 1623, *8-*10. As a result, a trial court may require a party to file his Crim. R. 33 motion within a reasonable time after he discovers the evidence. Griffith, supra.
 {¶ 21} Here, appellant properly moved the court for leave to file his delayed motion. In doing so, the court agreed he met his initial burden of demonstrating he was unavoidably prevented from discovering the evidence upon which he relied. Specifically, the court observed: "Defendant has demonstrated he was unavoidably prevented from discovering the affidavit as it was not even written until after the one hundred twenty day period had already expired." However, the trial court determined *Page 6 
appellant's motion for leave was not filed in a reasonable period after appellant discovered the evidence. In the trial court's words:
 {¶ 22} "* * * Defendant has provided no explanation for his delay in filing the Motion. Defendant asserts that the affidavit was discovered in April or May of 2005, but fails to explain why he waited two years to file his Motion."
 {¶ 23} The court accordingly denied appellant's motion.
 {¶ 24} Appellant moved the court for reconsideration of its judgment, asserting his delay was occasioned by his pending federal habeas corpus case. He reasoned he was unaware he could file his state Crim. R. 33(B) motion while the Federal matter was pending. The court denied appellant's motion.
 {¶ 25} We first point out that appellant's assertion that the trial court "made up" the reasonableness standard is clearly incorrect. Pursuant to the above authority, including that set forth by this District in Griffith, a trial court may require a movant to submit his or her Crim. R. 33(B) motion for leave within a reasonable time after discovering the evidence upon which his or her motion for new trial is premised. The Second Appellate District has provided the following persuasive explanation for implementing such a standard for delayed Crim. R. 33 motions:
 {¶ 26} "Although Crim. R. 33(B) is silent regarding a time limit for the filing of a motion for leave to file a delayed motion for new trial, the application of Crim. R. 33(B) must be undertaken against the backdrop of Crim. R. 1(B), which states:
 {¶ 27} "[`]These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, *Page 7 
speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.[']
 {¶ 28} "Further, Crim. R. 57(B) states that `if no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure[.]'
 {¶ 29} "In light of the purpose and construction of the criminal rules, a trial court may require a defendant to file his motion for leave to file a motion for new trial within a reasonable time after he discovers new evidence. Allowing the defendant to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay." York, supra, at *9. (Emphasis sic.)
 {¶ 30} The record indicates appellant's family discovered the evidence at issue, i.e., the sworn affidavit of Josh Miller admitting he and Fazzolare committed the Tenney burglary at the heart of the conviction for which appellant was serving prison time, in April or May of 2005.[1] The affidavit was dated January 31, 2005, well over two years after the verdict was rendered on appellant's conviction. However, appellant waited another two years after the discovery of the evidence to move the court for a formal pronouncement of unavoidable prevention. Appellant asserted his delay in filing the *Page 8 
motion was based upon his mistaken assumption that the federal court had exclusive jurisdiction over the matter while his habeas corpus petition was pending. We, like the trial court, do not find appellant's justification persuasive.
 {¶ 31} Nothing prevented appellant from attempting to file his Crim. R. 33(B) motion with the lower court while his habeas corpus proceedings were pending. Had appellant filed the Crim. R. 33(B) motion upon discovering the affidavit, timeliness would not have been an issueand his jurisdictional assumptions would have been disconfirmed. However, appellant waited for two years before filing the motion which reflects an unreasonable lack of diligence on his part.
 {¶ 32} Furthermore, the substantive basis for appellant's tardiness is untenable. To wit, misplaced reliance upon an erroneous jurisdictional assumption does not transfer an unreasonably late motion into a reasonably timely filing. Courts have long held that lack of effort, imagination, or ignorance of the law does not excuse procedural inadequacies, such as the failure to file a motion in a timely manner.State v. Taylor, 10th Dist. No. 05AP-1139, 2005-Ohio-6479, at ¶ 4 (holding a defendant's justification for lag in filing motion for delayed appeal unreasonable.); see, also, State v. Reddick,72 Ohio St.3d 88, 91, 1995-Ohio-249. Even if appellant's claimed ignorance were a compelling justification for his tardiness (it is not), the record indicates appellant's federal habeas corpus proceedings concluded on September 9, 2006. Rather than moving forward with reasonable alacrity after the conclusion of the federal matter, appellant waited more than eight months, until May 23, 2007, to file the underlying motion. Appellant's reason for being late does not account for this additional lag. *Page 9 
 {¶ 33} We therefore hold the trial court did not abuse its discretion when it denied appellant's motion for leave to file a delayed motion for new trial. Although he was unavoidably prevented from discovering the evidence upon which he relies within one hundred twenty days after the verdict, he failed to submit the evidence within a reasonable time after discovering it and further failed to provide a cogent, persuasive explanation for his delay.
 {¶ 34} Appellant's sole assignment of error is without merit.
 {¶ 35} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur.
[1] Appellant does not explain the manner in which his family came upon the affidavit and/or why there was a four to five month lag between the affidavit's execution and its alleged "discovery." Although appellant asserts the Miller statement was found while his family "searched through court records," it is unclear what appellant means by "records." The affidavit does not independently appear in the certified record before this court; rather, it first appears in the record as an attachment to appellant's July 24, 2006 motion for judicial release. While the manner in which the affidavit was found or acquired is not crucial to our disposition of this matter, answers to the questions surrounding its discovery would give greater clarity to the procedural nuances of this case. *Page 1