[Cite as *State v. Dawson*, 2011-Ohio-2773.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 209 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIAM T. DAWSON, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Mahoning County,
                              Ohio
                              Case No. 87 CR 458

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      William T. Dawson, Jr., Pro se
                              #200-473
                              Belmont Correctional Institution
                              P.O. Box 540
                              St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 2, 2011

WAITE, P.J.

{1}     Appellant William T. Dawson, Jr., is appealing the judgment of the Mahoning County Court of Common Pleas denying him leave to file a motion for new trial. Appellant was convicted of murdering Youngstown Police Officer Paul Durkin in 1987, and he was sentenced to 18 years to life in prison. The jury trial conviction and sentence were upheld on appeal to this Court. *State v. Dawson* (June 29, 1990), 7th Dist. No. 87 C.A. 194.

{2}     On October 12, 2007, Appellant filed a motion seeking leave to file a motion for new trial. In this motion, Appellant also asks that counsel and an investigator be appointed, and for exhumation. Appellant wants to exhume the body of his victim hoping he will find evidence to support a theory of self-defense. The state responded to his motion. On November 18, 2009, the trial court filed a judgment entry overruling the motion. This timely appeal followed. Appellant has filed his briefs to this Court pro se.

{3}     According to Crim.R. 33, a motion for new trial must be filed within 14 days or 120 days of the verdict, depending on the reason for the request. If such motion is filed late, the defendant must seek leave to file and must first prove that he was unavoidably prevented from filing his motion for new trial. Appellant did not allege or prove that he was unavoidably prevented from filing his motion. For this

reason, alone, the trial court was correct in denying the motion for leave. Additionally, Appellant failed to provide any proof in support of his motion. Crim.R. 33(C) requires the defendant to support his motion with proof in the form of affidavits. Since Appellant supplied only his own conjecture rather than proof, there is a second reason the motion was properly denied. Hence, the judgment of the trial court is affirmed.

## ASSIGNMENT OF ERROR

**{4}** "THE TRIAL COURT COMMITTED SOME KIND OF ERROR [PLAIN OR REVERSIBLE AND/OR SOME OTHER] AND/OR ABUSED ITS' DISCRETION, WHEN IT OVERRULED APPELLANTS' MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL AND OTHER REQUESTS', WITHOUT HAVING RULED UPON THE MOTION TO EXHUME, IN VIOLATION OF HIS RIGHT TO NOT BE DEPRIVED OF HIS LIBERTY, WITHOUT DUE PROCESS OF LAW, UNDER THE FOURTEENTH AMENDMENT, TO THE UNITED STATES CONSTITUTION, AND THROUGH THE SAME, AND ARTICLE ONE, SECTION SIXTEEN, OF THE OHIO CONSTITUTION. [sic]"

**{5}** Appellant argues that he submitted a 160-page memorandum to the trial court explaining why he should not have been convicted of murder, and that this should have been sufficient for the trial court to grant him leave to file a motion for new trial. Appellant admitted in this memorandum that he owned a 22-caliber handgun and shot Officer Durkin with it, but he alleges that the shooting occurred in self-defense during an altercation outside of Officer Durkin's police cruiser. The

evidence submitted at his murder trial indicated that Durkin was shot while seated in his cruiser. The theory on which Appellant bases his new trial request is that practically everyone involved in the original trial conspired to suppress facts that would have shown that Officer Durkin was shot in his left arm in such a way that the shooting could not have occurred while he was seated in the police cruiser. According to Appellant, if Officer Durkin was shot while outside the cruiser, then at least the possibility exists that he shot the officer in self-defense. Thus, Appellant argues that Officer Durkin's body should be exhumed to establish that the state improperly withheld or suppressed exculpatory evidence (supporting a theory of self-defense) in violation of *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Appellant believes that under *Brady*, he should have told the trial court that the evidence he wanted to rely on was materially exculpatory rather than only potentially exculpatory. Appellant believes his motion was overruled due to this error, and that his alleged error should have been excused because he is a pro se litigant.

{6} In *Brady*, the United States Supreme Court held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Evidence is "material" only if there is a reasonable probability that the proceeding would have turned out differently had the evidence been disclosed to the defense. *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481. "A successful *Brady* claim requires a three-part showing: (1) that the evidence in question be favorable; (2) that

the state suppressed the relevant evidence, either purposefully or inadvertently; (3) and that the state's actions resulted in prejudice." *State v. Davis*, 5th Dist. No. 2008-CA-16, 2008-Ohio-6841, ¶53, citing *Strickler v. Greene* (1999), 527 U.S. 263, 281-282, 119 S.Ct. 1936, 144 L.Ed.2d 286. The defendant must prove that the *Brady* violation rises to the level of denial of due process. *State v. Jackson* (1991), 57 Ohio St.3d 29, 33, 565 N.E.2d 549.

**{7}** In *Arizona v. Youngblood* (1988), 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 2, the United States Supreme Court clarified the *Brady* ruling by holding that "[t]he possibility that [evidentiary material] could have exculpated [the defendant] if preserved or tested is not enough to satisfy the standard of constitutional materiality." Id. at 56. "A clear distinction is drawn by *Youngblood* between materially exculpatory evidence and potentially useful evidence. If the evidence in question is not materially exculpatory, but only potentially useful, the defendant must show bad faith on the part of the state in order to demonstrate a due process violation." *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, 878 N.E.2d 1, ¶10.

**{8}** Appellant now argues on appeal that the evidence he hopes to find is materially exculpatory, but he acknowledges that he did not actually make this argument to the trial court. This, alone, is reason enough to affirm the trial court's decision, because arguments that should have been presented to the trial court will not be considered for the first time on appeal. *State v. Garrett*, 7th Dist. No. 06BE67, 2007-Ohio-7212, ¶8. Appellant argues that he should be given some leeway because he is not an attorney and did not know the law well enough to make a

proper argument to the trial court. This is not a persuasive argument because "a defendant's knowledge of the law is not part of an analysis under Crim.R. 33(B)". *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶25.

{9} Appellee, in response, argues that in any event, Appellant's motion for a new trial was untimely pursuant to Crim.R. 33(B). Due to this untimeliness, Appellant was required to prove by clear and convincing evidence that he was unavoidably prevented from filing his motion for new trial as a threshold matter. Appellee contends that because Appellant has failed to assert, address or prove that he was unavoidably prevented from filing a timely motion for new trial, the motion for leave was properly dismissed. Appellee also argues that Appellant has failed to establish that any evidence, whether materially exculpatory or not, was withheld from the defense. Appellee submits that Appellant only speculates about the evidence and his own theory of what it might possibly show rather than provide some proof that any evidence was suppressed.

{10} Appellee's arguments are correct. Crim.R. 33 sets up a strict time frame for filing motions for a new trial, and Appellant did not meet those deadlines. Crim.R. 33 states, in pertinent part:

{11} "**(A) Grounds**. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{12} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

**{13}** "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

**{14}** "* * *

**{15}** "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**{16}** "**(B) Motion for new trial; form, time.** *Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered,* or the decision of the court where a trial by jury has been waived, *unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial,* in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

**{17}** "*Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was*

*rendered*, or the decision of the court where trial by jury has been waived. *If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.*

{¶18} "**(C) Affidavits required**. The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit." (Emphasis added.)

{¶19} Appellant has alleged two basic theories for seeking a new trial: prosecutorial misconduct in suppressing exculpatory evidence; and newly discovered evidence. Motions for new trial based on prosecutorial misconduct or for irregularities in the trial must be filed within 14 days of the verdict. Crim.R. 33(B). A motion for new trial based on newly discovered evidence must be filed within 120 days of the verdict. Crim.R. 33(B). Appellant's filings were submitted nearly 20 years after the verdict was rendered. Before a trial court can reach the merits of an untimely motion for new trial, it must first grant leave to the defendant to file a motion for new trial. Thus, the proper procedure for a defendant to follow after the Crim.R. 33 time limits have expired is to file a motion seeking leave to file a motion for new trial, and then, only after the motion for leave is granted, to file the motion for new trial within seven days. *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.

**{20}** We review a Crim.R. 33(B) motion under an abuse of discretion standard. *State v. Pinkerman* (1993), 88 Ohio App.3d 158, 160, 623 N.E.2d 643; *State v. Shakoor*, 7th Dist. No. 10 MA 64, 2010-Ohio-6386, ¶17. Unless we find that the trial court's attitude was unreasonable, arbitrary or unconscionable, we must affirm the court's decision. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{21}** Appellant's claims were filed well outside either the 14- or 120-day period for filing a motion for new trial. Therefore, he was required to obtain leave of court to file his motion for new trial. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605, ¶25. In order to obtain this leave, Appellant was required to prove, by clear and convincing evidence, that he was unavoidably prevented from filing a timely motion. Crim.R. 33(B). The only issue before the trial court in ruling on a motion for leave to file is whether the defendant was unavoidably prevented in filing a timely motion for new trial. *Walden*, supra, 19 Ohio App.3d at 145, 483 N.E.2d 859.

**{22}** "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." Id. at 145-146.

**{23}** Appellant did not allege, much less try to support in an affidavit or any other type of proof, that he was unavoidably detained from filing a motion for new trial. Without such proof, the trial court could not have granted him leave to file a

delayed motion for a new trial. Appellant relies on mere conjecture rather than proof, and mere conjecture does not constitute evidence in support of a motion for new trial under Crim.R. 33, or a motion for leave to file such a motion. *State v. Gillispie*, 2d Dist. Nos. 22877, 22912, 2009-Ohio-3640, ¶58; *State v. Smith*, 7th Dist. No. 06 BE 22, 2008-Ohio-1670, ¶69.

**{24}** Further, Appellant obviously has been aware of the grounds he now alleges in support of his motion for a new trial. The main thrust of his argument is that possibly he will be able to prove self-defense if the body of the victim is exhumed and additional bullet wounds are found, bullet wounds that Appellant admits that he inflicted in 1987. If Appellant did shoot the victim more times than were presented at his murder trial, he certainly knew about the existence of, or at least the possibility of, these additional wounds long before the expiration of his time for filing a motion for new trial. In fact, Appellant would have known about the potential evidence from the moment the crime was committed, because he readily states that he inflicted all the gunshot wounds to Officer Durkin. As Appellant was clearly aware of the grounds for obtaining a new trial but did nothing about it, he cannot be said to have been unavoidably prevented from filing such motion.

**{25}** Even if Appellant had alleged unavoidable delay, he was still required to file his motion for leave within a reasonable period of time after discovery of the evidence that he believes warrants a new trial. *State v. Elersic*, 11th Dist. No. 2007-L-104, 2008-Ohio-2121, ¶20; *State v. Newell*, 8th Dist. No. 84525, 2004-Ohio-6917, ¶16. It is not at all clear from Appellant's filings when he came to the conclusion that

the victim's body might contain additional evidence in his favor, but it certainly cannot be considered reasonable to wait 20 years to bring this issue to the attention of the court.

{26} Neither the trial court nor this Court may address the actual merits of Appellant's motion for new trial until first establishing that leave should be granted to file his motion. Although Appellee attempts to also address the merits of the motion for a new trial, no motion for new trial is properly filed. The only issue properly on appeal is whether the trial court erred in overruling the motion for leave. Appellant did not present any evidence in support of his motion for leave. More to the point, it is clear from Appellant's own argument that he was not unavoidably prevented from filing a timely motion for new trial. Therefore, the trial court correctly overruled the motion for leave. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.