[Cite as *State v. Bentley*, 2016-Ohio-3290.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-A-0032 |
| DWAYNE BENTLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 02 CR 294.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Dwayne Bentley*, pro se, PID: A454-743, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Dwayne Bentley, appeals pro se from a judgment of the Ashtabula County Court of Common Pleas overruling his motion for leave to file a delayed motion for new trial. His motion for leave relies on the victim's affidavit recanting her trial testimony. For the following reasons, we reverse and remand the trial court's judgment.

{¶2} Appellant was indicted on twelve counts of rape, violations of R.C. 2907.02, on October 24, 2002. The victim in each count was appellant's daughter, C.B., who was a minor at the time of trial. In 2005, appellant was convicted on eight of the rape counts: six counts that occurred between January 1, 1994, and January 1, 1995, when C.B. was three years old; and two counts that occurred in October 2001 when C.B. was ten years old. The trial court imposed four consecutive life sentences and found appellant to be a sexually-oriented offender. Appellant appealed his conviction, which this court affirmed in *State v. Bentley*, 11th Dist. Ashtabula No. 2005-A-0026, 2006-Ohio-2503.

{¶3} Appellant filed a pro se "Motion for Leave to File New Trial Motion" on May 15, 2015. Attached to his motion was an affidavit of the victim, C.B., who testified in behalf of the prosecution at trial. The affidavit was notarized, one year earlier, on April 9, 2014. In her affidavit, C.B. stated she "lied on the stand during my father['s] trial that he raped me," "my father never raped me," and three caseworkers from Ashtabula County Children Services told her "to state my father Dwayne Bentley raped me and if I did not state my father raped me I will never see my mother or sister again." Also attached to appellant's motion was an August 24, 2010 letter and a March 26, 2011 notarized letter from C.B., both indicating she had lied on the stand because Children Services threatened she would never see her sister or mother again; a March 26, 2011 notarized letter from B.B., C.B.'s younger sister, stating she was present in the room when Children Services threatened C.B. to testify; and a July 1, 2011 notarized letter from J.B., an adult relative, indicating both daughters had told her the same narrative that was in their letters to appellant.

2

{¶4} The trial court overruled appellant's motion for leave on May 27, 2015, without an evidentiary hearing, stating: "the evidence and/or information attached to Defendant's motion upon which he relies would have been available to him approximately four (4) or five (5) years ago. Defendant has failed to file his motion within a reasonable time after discovering the alleged new evidence."

{¶5} Appellant filed a timely appeal and assigns one assignment of error for our review:

{¶6} "Trial court committed [prejudicial] error when the court fail[ed] to conduct [an] evidentiary hearing to determine whether the defendant was unavoidably prevented from discovering the new evidence in time to file for a new trial in violation of R.C. 2945.79(F)."

{¶7} R.C. 2945.79 states, in pertinent part: "A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his substantial rights: (F) When new evidence is discovered material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial." Motions for new trial are governed by Crim.R. 33. Regarding a motion for new trial based on newly discovered evidence, Crim.R. 33(B) provides:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶8} The practical effect of this rule is that a defendant must move for leave to file a motion for new trial based on newly discovered evidence if the defendant has missed the 120-day deadline. A trial court may not consider the merits of a motion for new trial until it determines whether the defendant was unavoidably prevented from timely discovering the evidence. *State v. Stevens*, 2d Dist. Montgomery Nos. 23236 & 23315, 2010-Ohio-556, ¶11.

{¶9} Appellant did not file his motion for leave to file a delayed motion for new trial until May 15, 2015, ten years after his date of conviction. As such, appellant was required to make a showing by clear and convincing evidence that he was unavoidably prevented from timely discovering the evidence attached to his motion. *See* Crim.R. 33(B).

> The standard of 'clear and convincing evidence' is defined as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'

*State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶10} A trial court has three options when a defendant files a motion for leave to file a motion for new trial. *See State v. Trimble*, 11th Dist. Portage No. 2013-P-0088, 2015-Ohio-942, ¶16. First, if the trial court determines the documents submitted clearly and convincingly demonstrate the movant was unavoidably prevented from discovering the evidence, the court must grant the motion for leave and allow the motion for new trial to be filed. *See* Crim.R. 33(B). Second, if the trial court determines the submitted documents appear to "support [the movant's] claim that he was unavoidably prevented

4

from timely discovering the evidence, the trial court must hold a hearing to determine whether there * * * is clear and convincing proof of unavoidable delay." *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 Ohio App. LEXIS 550, *3 (Feb. 18, 2000), citing *State v. Wright*, 67 Ohio App.3d 827, 828 (2d Dist.1990). Finally, if it determines the documents in support of the motion, on their face, do not demonstrate that the movant was unavoidably prevented from discovering the evidence, it is within the trial court's discretion to either overrule the motion or hold an evidentiary hearing. *See State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶19 (2d Dist.).

{¶11} A defendant is "unavoidably prevented" from filing a timely motion for new trial if the defendant "had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist.1984); *see also State v. Lake*, 5th Dist. Richland No. 2010 CA 88, 2011-Ohio-261, ¶37.

{¶12} Here, without holding a hearing, the trial court overruled appellant's motion for leave but did not make a determination as to whether appellant was unavoidably prevented from timely discovering the new evidence. Following a well-established line of cases, however, the documents attached to appellant's motion for leave clearly support a finding of unavoidable prevention that would normally sustain a motion for leave or, at the very least, an evidentiary hearing on the issue. *See, e.g., McConnell*, *supra*, at ¶15 (stating, "as a policy matter, we are reluctant to embrace a rule that would require a father convicted of raping his [minor] child to pursue the victim to obtain a recantation of her trial testimony"); *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-

5

0120, 2012-Ohio-4468, ¶19 (acknowledging that "even in the exercise of reasonable diligence," a defendant has no control over when a witness may decide to recant); *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶24 (suggesting a defendant should provide details as to "when or why the affiants decided to recant their trial testimony, whether appellant played a role in that decision, or whether and at what point appellant learned of their willingness to come forward with the new testimony"); *see also generally York*, *supra*.

{¶13} We hold that the trial court abused its discretion by not finding that appellant was unavoidably prevented from timely discovering the new evidence or, at the very least, by not holding a hearing on the issue. *See Alexander*, *supra*, at ¶21 (further recognizing that "requiring a hearing * * * whenever an appellant produces a recanting affidavit after 120 days places additional burdens on the trial courts, * * * [but] is necessary so that a genuine recantation that could be outcome determinative is not foreclosed only because the recanting witness decides to 'do the right thing' belatedly").

{¶14} The trial court overruled appellant's motion because he did not file it "within a reasonable time after discovering the alleged new evidence," as the information was "available to him approximately four (4) to five (5) years ago."

{¶15} "Crim.R. 33 does not set forth any specific time strictures as to when a motion for new trial may be filed after unavoidable prevention has been found. However, 'case law has adopted a reasonableness standard.'" *State v. Elersic*, 11th Dist. Lake No. 2007-L-104, 2008-Ohio-2121, ¶20, quoting *State v. Griffith,* 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶15. *See also State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 Ohio App. LEXIS 4561, *9 (Oct. 9, 1997); *State v.*

*Berry,* 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶37; *York, supra*, at \*8-\*10. "As a result, a trial court may require a party to file his Crim.R. 33 motion within a reasonable time after he discovers the evidence." *Elersic*, *supra*, at ¶20. The trial court must determine whether any undue delay "was reasonable under the circumstances *or* that the defendant has adequately explained the reason for the delay." *Stansberry*, *supra*, at \*9 (emphasis added). This determination is also reviewed for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶16} Arguing that his five-year-delay was reasonable, appellant states he lost contact with C.B. after receiving her 2010 and 2011 letters that initially recanted her trial testimony. After locating her through family members on March 20, 2014, he asked C.B. for a sworn affidavit regarding her recanted testimony. C.B. sent appellant a sworn affidavit, which was notarized on April 9, 2014; it is not clear from the record, however, when appellant actually received the affidavit.

{¶17} We note that "no affidavit is required to support the motion for leave to file a motion for new trial." *Trimble*, *supra*, at ¶18. Once a motion for leave is granted, however, the defendant has only seven days to file the substantive motion for new trial. At the hearing on the motion for new trial, the defendant *must* produce "the affidavits of the witnesses by whom such evidence is expected to be given[.]" Crim.R. 33(A)(6). Although the trial court would have been required, pursuant to Crim.R. 33, to postpone a hearing on appellant's motion for new trial "for such length of time as is reasonable under all the circumstances" in order for him to obtain C.B.'s affidavit, we acknowledge

that imprisoned defendants may be discouraged by the seven-day time limit from filing a motion for leave until they are able to adequately support a subsequent motion for new trial.

{¶18} In the case sub judice, appellant was convicted and sentenced to four life sentences primarily due to C.B.'s trial testimony, which she is now recanting. The judge who ruled on the motion for leave is not the judge who presided over appellant's trial and thus has no first-hand knowledge of C.B.'s trial testimony and credibility. No physical or medical evidence was introduced against appellant at trial. Appellant provided an adequate explanation of the delay between 2010 and 2014. Appellant did not provide an explanation for the year-long delay between the notarization of C.B.'s affidavit and the filing of his motion for leave; however, it is not clear from the record when appellant actually received the affidavit.

{¶19} We further acknowledge that "[n]o right of the victim is advanced, and no interest of the state served, by incarcerating the innocent." *State v. Aldridge*, 120 Ohio App.3d 122, 154 (2d Dist.1997). Those who claim wrongful conviction face nearly insurmountable procedural obstacles in attempting to prove their innocence. Considering the facts of appellant's conviction and sentence, the averments in appellant's motion for leave, and the lack of a rule-based time limit to file, we hold that this should not be one of those obstacles.

{¶20} Limiting our holding to the circumstances at hand, we find that any undue delay in filing the motion for leave was reasonable. Because we also found unavoidable prevention, we hold that the trial court abused its discretion in overruling appellant's motion for leave.

{¶21} Appellant's assignment of error is with merit.

{¶22} The judgment of the Ashtabula County Court of Common Pleas is reversed and remanded. Upon remand, the trial court shall enter judgment granting appellant leave to file a delayed motion for new trial. If appellant files such motion within seven days of the trial court's judgment granting leave, the trial court must consider the motion in accordance with Crim.R. 33.

CYNTHIA WESTCOTT RICE, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶23} I concur in judgment only and agree with the decision to reverse the dismissal of Bentley's Motion for Leave to File New Trial Motion and to order that leave be granted. It is necessary to emphasize several key points.

{¶24} Bentley is serving multiple life sentences based on testimony that the victim now swears was false and coerced. The interests of justice and the right to due process mandate full and thorough deliberation of the new evidence presented by Bentley. The summary consideration given by the trial court was insufficient to address a matter of such magnitude, especially given the clear evidence supporting a finding that Bentley was unavoidably prevented from timely filing his motion.

{¶25} Bentley presented to the trial court an affidavit from the victim, C.B., in which she recanted her testimony and explained that she had been coerced by

9

Children's Services into accusing her father of rape. While this matter turns on the procedural consideration of the timeliness of Bentley's Motion, Bentley's asserted justifications for the delay in filing, when viewed in light of the totality of the circumstances, are valid. We must be mindful that "[t]he ultimate aim of the criminal justice system * * * [is] the uncovering of truth." *State v. Aldridge*, 120 Ohio App.3d 122, 154, 697 N.E.2d 228 (2d Dist.1997). "[A] trial before a judicial tribunal is primarily a truth-determining process, and if it in any sense loses its character as such, it becomes the veriest sort of a mockery." *State v. Marinski*, 139 Ohio St. 559, 560, 41 N.E.2d 387 (1942).

**{¶26}** Regarding the filing delay, Bentley explained that, after he received C.B.'s letters in 2010 and 2011, he was unable to get in contact with her. While it may be argued that a five-year delay was unreasonable, Bentley did provide a credible and logical explanation. Considering the expedited requirement to file a motion after leave is granted, Bentley could have easily thought it necessary to be in contact with the victim and obtain an affidavit before seeking leave. If Bentley was not fully prepared to proceed with his motion and was unable to obtain an affidavit, he would be at risk of permanently losing the opportunity to present this critical new information.

**{¶27}** Bentley also was not required to file for leave after he received C.B.'s 2010 letter and before he lost contact with her in 2011. The 2010 letter stated: "sorry I said some of the lies I said[.] Child services threatened me that I would never see [B.B.] and mom again." She further explained: "I have to go and say I lied [a]bout everything." This letter was not notarized and did not specify which lies were told. It is also unclear whether C.B. would have filed an affidavit or what action Bentley decided to take to

10

obtain more information before losing touch with C.B.  Bentley likely would have not felt prepared to file a motion without stronger information.  *See State v. Haynes*, 11th Dist. Ashtabula No. 2012-A-0032, 2013-Ohio-2401, ¶ 70 (to prevail on a request for a new trial based on recantation, the court must determine that the recantation is believable); *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3 and 12 MO 5, 2013-Ohio-5774, ¶ 45 (an affidavit of the recanting witness was needed to support the motion for a new trial).

{¶28}  When a life sentence is given based on alleged coerced, false testimony, due process mandates that the courts err on the side of a full review of the circumstances.  *State v. Tucker*, 8th Dist. Cuyahoga No. 90799, 2008-Ohio-5746, ¶ 35 (noting due process concerns in the failure to hold a hearing when the affidavit of a recanting witness was presented in post-conviction proceedings).  This is especially true under the circumstances outlined above and is best accomplished by allowing Bentley to proceed with the filing of a motion for a new trial.

{¶29}  A decision to the contrary would cause a lack of confidence in whether justice can fully be achieved and due process rights can be protected.  Bentley is serving four life sentences that may be based on false and coerced testimony.  To deny Bentley the opportunity to proceed and present such important evidence in a life-altering matter would be troubling.  Recanted testimony can "cast[] doubt on the proceedings as a whole."  *Aldridge*, 120 Ohio App.3d at 154.  The trial court must determine whether that is true in the present case.

{¶30}  For the foregoing reasons, I concur in judgment only.